UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| NEPHETERIA ORR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:12-cv-837 |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**ORDER**

THIS MATTER is before the Court on Defendant's Unopposed Motion to Remand to Social Security Administration (Doc. No. 13). For the reasons stated in the memorandum in support (Doc. No. 14), the motion is GRANTED. Accordingly, Plaintiff's pending Motion for Summary Judgment (Doc. No. 11) is DENIED AS MOOT.

Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing her decision with a remand of the cause for further administrative proceedings.

Upon remand, the Appeals Council will (i) direct the Administrative Law Judge ("ALJ") to obtain supplemental vocational expert testimony to clarify the effect of the assessed limitations on the claimant's occupational base and (ii) remind the ALJ that the hypothetical questions posed to the vocational expert should reflect the specific capacity/limitations established by the record as identified in the residual functional capacity contained in the decision.

Pursuant to the power of this Court to enter a judgment reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), this Court hereby REVERSES the Commissioner's decision under sentence four of 42 U.S.C.

§ 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). The plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys' fees under EAJA in this matter.

IT IS THEREFORE ORDERED that the Unopposed Motion to Remand (Doc. No. 13) is GRANTED. Plaintiff's pending Motion for Summary Judgment (Doc. No. 11) is DENIED AS MOOT. The Clerk's office is respectfully directed to CLOSE the case.

IT IS SO ORDERED.

Signed: September 18, 2013

Frank D. Whitney
Chief United States District Judge